IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS,**

    **Plaintiff,**

**v.**                                                      **CIV 09–1062 KBM/LAM**

**CAPITAL ONE and**
**GEICO INS. CO.,**

    **Defendants.**

## **ORDER DISMISSING COMPLAINT**

    THIS MATTER comes before the Court on *pro se* plaintiff Nancy Lewis' Motion to Proceed *in forma pauperis* ("IFP"), filed November 6, 2009, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [her] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

    Lewis has consented, under 28 U.S.C. 636(c) and FED. R. CIV. P. 73(b), to have me conduct all proceedings in this case. *See* Doc. 5. Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

    Lewis' financial affidavit shows that she has no dependents and that she has an income of

$939/month.  *See* Doc. 2 at 2.  The Court notes, however, that in her October 13, 2009, response to an Order to Show Cause in another case regarding her right to proceed IFP, Lewis stated that she also has "current monthly figures of $404 for unemployment."  *Lewis v. Center Market*, No. 09cv306, Doc. 9 at 3.  In another sworn declaration filed on November 30, 2009, Lewis states that she currently receives $944 from social security, $404 for unemployment, $62/month from a $44,000 money judgment, $96 for her medicare premium, and food stamps, and that she does not expect any major change in her income or expenses in the next four months.  *See Lewis v. Maestas*, No. 09cv912 GBW/RLP, Doc. 7 at 4, 8.  I conclude that Lewis's income is much greater than she reveals in her financial affidavit filed in this case, and her income appears to be over $1400/month plus food stamps and medicare premiums.

    Besides the money judgment, Lewis has listed two other people who owe her money.  *See id*. at 5 ($453 from Samantha Majeed owed on November 30, 2009);  *Lewis v. Scott*, No. 09cv983 JB/LFG, Doc. 6 at 5 ($325 from Sarah Maestas owed on November 2, 2009).  Lewis owns a car; and on November 16, 2009, she had $1685 left from a $15,000 social-security back payment she received in May 2009.  *See* Doc. 6 at 1; *Lewis v. Scott*, No. 09cv983 JB/LFG, Doc. 6 at 10.  She had $2385 in savings on November 2, but states that she has been using her savings to assist her son and two "abused" friends, on "lawsuits which stand to benefit others besides myself;" and on unprescribed marijuana that she buys on the streets.  *Lewis v. Scott*, No. 09cv983 JB/LFG, Doc. 6 at 4, 10.  Lewis's monthly expense for rent is $305, *see* Doc. 2 at 3; she pays no utilities except for telephone, *see id.; Lewis v. Maestas*, No. 09cv912 GBW/RLP, Doc. 7 at 6; and she pays $48/month for car insurance and $50/month for medical and dental care copayments, *see* Doc. 2 at 3.  I conclude that  Lewis's allegation of poverty is untrue.

    Lewis has failed to show that she "cannot because of [her] poverty pay or give security

for the costs . . . and still be able to provide [her]self . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  I conclude that Lewis has sufficient funds to pay both for the necessities of life and for filing those lawsuits that she deems important.  *See Burns v. United States*, No. 09-5091, 2009 WL 2602318, at *1 (10th Cir. Aug. 25, 2009) (holding that, because the financial affidavit showed that the plaintiff had $3000.00 in his bank account, he had not demonstrated an inability to pay fees); *Brewer v. City of Overland Park Police Dep't*, No. 01-3055, 24 Fed. Appx. 977, 979 (10th Cir. Jan. 4, 2002) (affirming denial of motion to proceed IFP because the plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars," thereby demonstrating "sufficient income to pay the filing fees").  Lewis's case must be dismissed. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory); *Lemons v. K.C. Mo. Police*, No. 05-1254, 158 Fed. Appx. 159, 160, 2005 WL 3388580, **1 (10th Cir. Dec. 13, 2005) (stating that, if the plaintiff fails to sufficiently demonstrate an inability to pay filing fees, the Court should dismiss the complaint without prejudice, after which the plaintiff "may initiate a new action by 1) refiling his complaint and 2) paying the [] filing fee required under 28 U.S.C. § 1914 . . .").

**IT IS ORDERED** that Lewis's motion to proceed IFP (Doc. 2) is DENIED and the case is DISMISSED without prejudice under § 1915(e)(2)(A).

$\underline{\hspace{3cm}\textit{/s/ Karen B. Molzen}\hspace{5cm}}$
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent